IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David H. Scheffer, et al., | ) |
| | ) |
| Plaintiffs, | ) Misc. No. _____ |
| | ) |
| v. | ) (District of Columbia) |
| | ) |
| The Civil Service Employees Association Local 828, et al., | ) No. 6:05-cv-06700-MAT-MWP |
| | ) |
| | ) (Western District of New York) |
| Defendants. | ) |

## AGREED PROTECTIVE ORDER

WHEREAS, in the course of discovery in the above-captioned civil action and, in particular, in response to Request No. 10 of the subpoena for documents served upon it in this action, as clarified by Defendants, it may be necessary for the National Right to Work Legal Defense Foundation, Inc. ("NRTW"), a non-party, to disclose confidential information:

IT IS HEREBY ORDERED that this Protective Order pursuant to Fed. R. Civ. P. 26(c) be entered.

1. The term "Confidential Material" means any documents that are designated and protected from public disclosure under statutory law or judicial or agency rule as "Confidential" which (1) are produced in the course of this action by NRTW and (2) are designated as "CONFIDENTIAL" under this Order, whether contained in or constituting documents, things, materials, testimony, audio and video recordings,

computer disks and data stored in other electronic storage media or devices, or any copy, duplication, extract or summary of any document, information or other materials so designated.

2. Confidential Material shall not be used by any of the parties to this action or by any other person or entity given access thereto in accordance with this Order, except solely for the purpose of prosecuting or defending this action, including any appeals or petitions for certiorari. Confidential Material shall not be used for any other purpose whatsoever.

3. The parties shall ensure that any Confidential Material disclosed at a deposition shall be designated as "CONFIDENTIAL" by indicating on the record at the deposition, or by informing the opposing party in writing within 30 days of receipt of the relevant transcript excerpt and/or exhibit, or 30 days after entry of this Order, whichever date is later, that the document or information is "CONFIDENTIAL" and subject to the provisions of this order. The parties shall treat each deposition transcript as "CONFIDENTIAL" until the period for designation of such transcription as Confidential Material has expired, after which time the parties shall honor all designations of Confidential Material in such transcript unless the Court orders otherwise pursuant to Paragraph 7. The parties shall exclude from attendance at a deposition, during such time as Confidential Material is to be disclosed, any person or entity not entitled to receive such information. Any party that seeks to disclose Confidential Material at a hearing or other proceeding shall indicate this fact to counsel for the designating party. All transcripts of such hearings shall be deemed confidential and, if filed, shall be under seal pursuant to paragraph 8 of this Order.

4. For the purposes of this Order, a party to this action or non-party may designate material as Confidential Material by marking the copies thereof that contain Confidential Material at the time the copies are produced. The parties shall treat as "CONFIDENTIAL" all documents produced for inspection until the copies are produced, after which time the parties shall honor all designations of Confidential Material unless the Court orders otherwise pursuant to paragraph 7.

5. For the purposes of this Order, a party to this action or non-party that designates material as "CONFIDENTIAL" under the provisions of this paragraph or otherwise pursuant to this Order shall be considered a "designating party" with respect to the material so designated. The signatories to this Agreed Protective Order agree that NRTW is the only contemplated "designating party."

6. Except with the prior written consent of the designating party, or pursuant to further Order of this Court entered after reasonable written notice and opportunity to the designating party to file objections thereto, Confidential Material designated as "CONFIDENTIAL" shall not be shown, described or otherwise revealed to any person or entity other than the following:

(a) Attorneys for the parties in this action;

(b) In-house counsel for the parties who are actively involved in directing the litigation of this action;

(c) Paralegals, office clerks, secretaries and clerical or support personnel employed or retained by counsel of record for a party in this action, but only if it is necessary to disclose the Confidential Material to them for purposes of this action;

(d) Consulting experts and testifying experts and their employees with the need to know who have been engaged by counsel for a party in this action for the purposes of assisting in this action, but only if: (1) it is necessary to disclose the Confidential Material to them for purposes of this action; and (2) they have signed an agreement in a form substantially similar to Exhibit A attached hereto;

(e) Deposition court reporters and videographers who have signed an agreement in a form substantially similar to Exhibit A attached hereto;

(f) The Court, including judicial employees and all other necessary personnel, such as court reporters;

(g) The author, addressee, or any other person identified as a recipient of the specified Confidential Material who would otherwise be entitled to receive same; and

(h) Representatives and employees of the designating party.

7. Any party intending to disclose Confidential Material to a person not described in paragraph 6, above, shall serve written notice of its intent on the designating party. Such notice must be for good cause, stating with particularly the reasons of the planned disclosure. The designating party shall have ten business days from receipt of this notice to object to the disclosure of Confidential Material to the named person. Such objection must be in writing and must be served by facsimile transmission to counsel of record for all parties in this case. Failure to make such an objection within ten business days shall constitute approval. If the designating party and the party seeking to disclose the Confidential Material are unable to resolve the objection, the party seeking to disclose Confidential Material to a person not otherwise authorized to receive such Material may move the Court for authorization to make such disclosure. The designating party shall be

served with a copy of all papers filed with the Court with respect to such motion, and the designating party shall have the right to respond before the Court to such motion. If such a motion is made, the burden of establishing that the document or testimony is entitled to treatment as Confidential rests on the designating party; if the designating party carries that burden, the party seeking to disclose Confidential Material to a person not otherwise authorized to receive such Material shall bear the burden of showing good cause for such disclosure notwithstanding its Confidential designation. After notice of an objection has been given, no disclosure of the Confidential Material in question shall be made unless and until (a) the objection is resolved by the designating party and the party seeking to disclose the Confidential Material, or (b) the Court authorizes such disclosure.

8. All Confidential Material that is filed with the Court or any appellate court, and any pleadings, motions, or other papers filed with the Court or any appellate court which disclose any Confidential Material, shall be filed under seal in a sealed envelope marked on the outside with the title of this action and a statement substantially in the following form:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

This envelope contains confidential material that is subject to a Protective Order entered by the Court in this action governing use of confidential discovery material.

All such Confidential Material so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released to persons or

entities other than attorneys for the parties and Court personnel only upon written agreement of the designating party or upon further order of the Court entered after reasonable written notice and opportunity to the designating party to file objections thereto. In the event that any Confidential Material is used in any court proceeding herein, it shall not lose its confidential status, and the parties hereto shall take all steps reasonably necessary to protect its confidentiality during such use. In the event that the designating party and any party seeking to use such Confidential Material at trial are unable to reach an agreement as to the procedure to ensure the confidentiality of the Confidential Material, the matter shall be submitted to the Court.

9. The parties and non-parties, by entering into this Protective Order, do not waive any applicable privileges, and reserve their right to contest any requests or subpoenas for documents or testimony and to assert such applicable privileges.

10. Any person or entity who receives Confidential Material under the terms of this Order, properly or improperly, shall use such information only for purposes of this action and for no other purpose and shall not make any copies, duplications, extracts or summaries thereof or otherwise disclose such information to any other person or entity, except in conformance with this Order.

11. Within 90 days of conclusion of this case (including without limitation any appeals and petitions for certiorari), all Confidential Material shall be returned to counsel for ~~each~~ the designating party. The return of Confidential Material under this Section shall include, without limitation, all copies, duplications, extracts, and summaries thereof. In lieu of returning such documents, the parties may submit to the designating party a written certification executed in accordance with 28 U.S.C. § 1746 stating that all

such documents, copies, duplications, extracts, and summaries have been destroyed. The parties shall certify in a writing filed with the Court that all Confidential Material required to be returned has been so returned or destroyed within fourteen days of receipt of a written request for such certification by the producing party or entity. Nothing in this paragraph requires a party to return or destroy any depositions, pleadings or filings with the Court that contain Confidential Material. Such documents, at the conclusion of this case, shall retain their Confidential designation and shall not be disclosed to any person not described in paragraph 6.

12. If a party in possession of Confidential Material receives a subpoena or other request seeking production or other disclosure of the Confidential Material, he, she or it shall give written notice to Counsel for the designating party, stating the Confidential Material sought and the time when production or other disclosure is required, in a sufficiently timely fashion to afford Counsel for the designating party a reasonable opportunity to file objections to production or disclosure of the Confidential Material.

13. Nothing contained in this Order shall prejudice in any way or waive in any respect the right of any party or non-party to assert the attorney-client privilege, the attorney work product doctrine or Confidential Material status as to any documents, materials, or information.

14. All parties and attorneys in this action, and all other persons and entities possessing or granted access to Confidential Material under this Order shall be bound by this Order. The Court may impose sanctions on any person or entity possessing or granted access to Confidential Material under this Order who discloses or uses the

Confidential Material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order.

15. The signatories to this Agreed Protective Order contemplate that it will be entered by both the United States District Court for the District of Columbia and the United States District Court for the Western District of New York.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE
U.S.D.C., D.C.


_____
UNITED STATES DISTRICT JUDGE
U.S.D.C., W.D.N.Y.

STIPULATED AND AGREED AS TO ENTRY:

*/s/ Frank M. Northam*
_____
Frank M. Northam, Esq.
DC Bar No. 206110
Webster, Chamberlain & Bean
Suite 1000
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

*Attorney for National Right to Work
  Legal Defense Foundation, Inc.*


*/s/ John Martin*
_____
John Martin, Esq.
c/o National Right to Work Legal Defense
Foundation, Inc.
Suite 600
8001 Braddock Road
Springfield, Virginia 22160

*Attorney for Plaintiffs*


*/s/ John M. West*
_____
John M. West, Esq.
Bredhoff & Kaiser, P.L.L.C.
Suite 1000
805 Fifteenth Street, N.W.
Washington, D.C. 20005

*Attorney for Defendants*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David H. Scheffer, et al., | ) |
| | ) |
| Plaintiffs, | ) Misc. No. _____ |
| | ) |
| v. | ) (District of Columbia) |
| | ) |
| The Civil Service Employees Association Local 828, et al., | ) No. 6:05-cv-06700-MAT-MWP |
| | ) |
| | ) (Western District of New York) |
| Defendants. | ) |

## ACKNOWLEDGEMENT REGARDING CONFIDENTIAL MATERIALS

I, _____, have read and understood the Protective Order entered by the Court in this case and agree to be bound by the provisions of that Order. I agree to subject myself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of that Order.

Dated:_____     _____

10